

**FILED** PH

11/6/2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

*where is the
U.S. Const. Law &
Amendments?*

PH

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

RECEIVED

DARREll FAiR B-32994

AUG 07 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

WARDEN RANDY PFiSTER

ANNA McBEE

NiCAIAS LAMB

CHARlES F. BEST

JOHN R BAIDWiN

DEBBiE KNAUER

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

1:17-cv-05776
Judge Gary Feinerman
Magistrate Judge Michael T. Mason
PC1

**CHECK ONE ONLY:**

√     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.   **Plaintiff(s):**

A.   Name: DARREll FAIR

B.   List all aliases: _____

C.   Prisoner identification number: ·B-32994

D.   Place of present confinement: STATEUIIE C,C.

E.   Address: PO Box 112 Joliet Ill 60434

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant: Charles F. Best

Title: Lt, Hearing adjustment committee

Place of Employment: STATEUIIE C.C.

B.   Defendant: RANDY S. PFISTER

Title: WARDEN

Place of Employment: STATEUIIE C.C.

C.   Defendant: ANNA MCBEE

Title: GRIEVANCE OFFICER

Place of Employment: STATEUIIE C.C.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

Defendants

A/W Nicolas R. LAMB
assistant warden
STATEVILLE C.C.


DEBBIE KNAUER
admin Review Board
SPRingfield ILL


JOHN R. BALDWIN
acting Director
Springfield ILL

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: <u>15 C 4361</u>

B. Approximate date of filing lawsuit: <u>5/15</u>

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: <u>_____</u>
<u>DARRELL FAIR</u>

D. List all defendants: <u>MAJOR McGAFUEY, BOBBY MATTISON</u>
<u>DR. MARTIJA DR. OBAISI</u>

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): <u>United States District Court Northern District of Ill.</u>

F. Name of judge to whom case was assigned: <u>Judge GARY FEINERMAN</u>

G. Basic claim made: <u>FAILURE TO PROVIDE MEDICAL</u>
<u>TREATMENT</u>

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): <u>PENDING</u>

I. Approximate date of disposition: <u>pending</u>

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3                                                                 Revised 9/2007

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

I want to be componsated 100$ a day for the 6 months that I was held in seg and the loss of basic rights of inmates and I want my record expunged of the 203 violaton

punitive & componsatory damages

sued in their endividual & proppasial capacity

VI.    The plaintiff demands that the case be tried by a jury.  ☒ YES   ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___21___ day of ___July___, 20 _17_

_____
(Signature of plaintiff or plaintiffs)

DARREll FAiR
(Print name)

B-32994
(I.D. Number)

PO Box 112

Joliet ill

60434
(Address)

6                                                    Revised 9/2007

Plaintiff to 14th amendment of the U.S. Constitution that guarantees Plaintiffs right to Due process + equal protection of the law.

Plaintiff was also denied his 8th amendment right under the U.S. Constitution that protects plaintiff against cruel + unusual punishment by government and state officials.

On July 24th, plaintiff was in his cell D-736 at about 1:00PM when internal affairs officer SHEVLIN #10712 came to cell with a open cup and asked plaintiff to submit a urine sample. Plaintiff has enlarged prostate so at times urination is difficult. Plaintiff wasn't able give a sample at that time and was asked to get dressed and go down stairs. Plaintiff placed the still open sample cup on top of the sink/toilet, proceeded to get dressed and was escorted to 1st floor by C/O SHEVLIN and asked to wait by the SGT's office. The open urine cup was still atop the sink up stairs, inside cell D-736.

About 3:15 PM after shift changed, C/O SHEVLIN came down stairs from up stairs inside plaintiffs cell, w/ the still open urine cup and handed the cup to plaintiff, several cell-house help workers were also bringing down some of the property from cell 736, apparently they (cell-house workers) were told to pack certain items from Plaintiffs cell - legal + property boxes + Block radio - and to bring them down stairs.

C/O SHEVLIN escorted plaintiff to internal affairs office where Plaintiff eventually gave a sample. Plaintiff was told that his sample tested positive + that if plaintiff gave C/O SHEVLIN some information, that C/O SHEVLIN could make the whole thing go away. Plaintiff responded that he didn't do drugs and requested that sample be sent to the lab for testing. Plaintiff was told that he'd be placed under investigation. My investigation started 7/24/15 at 3:PM

under the ( ) ...
504.50 C.

③ The offender may be detained in investigation status for up to 30 days for adult and up to 5th days for juvenile.

⑦ In the event that an investigation cannot be completed within 30th days for adults or 5th days for juveniles due to institutional emergency, the chief admin officer may personally authorize in writing, an extension of up to 30th day placement in confinement for adults & 5th days for juveniles pending investigation. As used in this section, an institutional emergency includes riots, strikes, lockdowns, & natural disasters.

Plaintiff was kept under investigation for 32 days and 3½ hours before a disciplinary report was written. This was 2nd days and 3½ hours over the allowed limit for adults.

Section 504.30 of the Ill admin code

States: In no event, shall a disciplinary report or investigation report be served upon offender (adult) more than 8th days or 6th days for a juvenile offender, after the commission of an offense or discovery thereof unless offender is unavailable.

After 30 days of confinement, plaintiff notified A/W Lamb who was acting chief admin officer and I was told that my concerns would be forwarded to the appropriate staff.

Plaintiff also explained this investigation rule violation to Lt. Best at the adjustment hearing, Lt. Best said that she would look into it. Ms. Harris was also present at the adjustment hearing, and she & plaintiff had spoken 3 days prior to hearing, and she informed plaintiff that after 30 days of investigation that a written request was necessary for additional time. Plaintiff was still found guilty of 203 violation, Lt. Best and the hearing process, refused to follow the rules & regulations set forth by the Ill. Dept of corrections, violating Plaintiff, 8 th & 14 th. amendment

rights to due process & equal protection under the
law. Plaintiff then notified the Grievance officer
Anna McLee about the 30 day rule violation
and also about the wrong (observation date)
on my disciplinary report. When plaintiff
informed Lt. Best about the wrong observation
date, he told plaintiff that "The error won't
effect my guilt or innocence". But the D.O.C
rules state that the observation time & date
must stay the same. Anna McLee denied
my grievance #4312 saying it was frivolous
& without merit. I appealed her decision to
the P.R.B (Prisoner Review Board) in springfield.
again plaintiff was denied his rights under
the constitution of due process & equal protection
under the law. 9th & 14th amendment &
deliberate indifference when the institutional admin.
failed to correct or respond or investigate. Plaintiff
had his disciplinary report re-written 3rd times!
8/24/15 - 10/4/15 - 11/24/15 plaintiff raised the issue
through grievance procedure on each of those 3rd occasions
about the 30th day investigation limit rule violation
my issue was disregarded.

Plaintiff... the closure addressed. But when the response from P.R.B finally arrived, Springfield staff DEBBIE KNAUER and acting Director Jerry Baldwin - concurred. Only answered grievance dated 10/14/15 #3790 their response. Said that ticket was corrected 11/24/15 - which was the date of observation, it only addressed DR 504.80 + DR 504.30 there was no mention of DR 504.50, it clear to see that the dates and grievance numbers were added to the official response from A.R.B as a after thought and that the merit of those grievances were never considered. In direct violation of Plaintiff 14 th + 8 th amendment rights to Due Process + equal protection under the law. And also a case of deliberate indifference of plaintiff rights when they A.R.B failed to acknowledge, respond + investigate, plaintiff allegations on several attempts.

Plaintiff second issue is a violation of his 8 th amendment rights that protects plaintiff from cruel a unusual punishment from government + state officials.

Because of plaintiffs due process rights violation, plaintiff was written a DR. 203 and placed in F-house seg for a period of 6 months and 2 months in F-house general population

Plaintiff was not able to participate in a P+NAP school course that he signed up for due to his seg status, something that could of been accessible if he were in general population.

Plaintiff was not allowed to attend monthly religious services due to his seg confinement, which he could of partaked if in general population.

Plaintiff [illegible] [illegible] - [illegible]

machine, Type writters, copy machine - inmate might get ones on Friday if inmate in charge of copies feel like doing it.

Plaintiff wasn't able to type clearly + federal appeal due to no type writer, all above mentioned services are accessible to the general population but denied to plaintiff due to seg confinment.

Plaintiff was placed in cell 204 in F-house, where there was cracks in the window that allowed cold air to enter cell there was a huge rusted hole in the heater beneath the table. There was mold + bacteria growing on the walls, and the whole F-house was infested w/ Birds, mice, roaches, fruit flies etc. Plaintiff developed impaired breathing where he filed 2nd seperate grievances, and plaintiff also developed a bacteria infection that covered his arms from wrist to shoulders, his front chest, and back. He was treated twice for this condition, and on TWO accession, he was seen by medical staff and not treated for this skin rash. Plaintiff also developed a rash that covered his head while in F-house.

On Dec 23 or about Plaintiff was moved from F-204 to F-137 where [illegible] Plaintiff didn't have access to working toilet + there was a leak in the ceiling and the window to shit + beat on the cell door, and the officers let me to use the bathroom, Plaintiff had out when they felt like it, and never during the 11PM-7AM shift. And I was never let out during the 7AM-3PM shift until the Lt. arrived in the morning, and they sometimes arrived as late as 9:30 AM, so on numerous times I was forced to defecate on myself + urinate on self, because the toilet was broken + filled with body waste. So plaintiff was forced to stay in cell 137 - when plaintiff

asked to get moved, his request went unanswered. The plumbers were called and they said that they cauldn't fix the toilet, because they had to order a part. Plaintiff again requested to be moved to a different cell, but was denied - plaintiff requested to be moved no less than 20th different times. The toilet was fixed about Jan 19 2016, almost a month (26 days) later. But the roof continued to leak, the mice + roaches + birds + mold + dust + dirt continued to inundate the F-house building, which was finally condemned + closed down because of sanitary conditions proved to be inhabitable.

Plaintiff alleges acts or omissions supportable + harmful. The overall combined issues state atypical + significant hardship in relation to F-house segregation + placement. institutional admin + staff failed to correct the F-house infestation of pest, including but not limited to, birds, mice, roaches, ants, spiders, fruit flies. Defendants failed to correct broken windows, broken toilet, sinks cracks in ceiling, roofs + walls, including cell 204, 137, and 356 where plaintiff was sent after seg 1/22/16 and which the toilet in that cell 356 was also broken + the ceiling also leaked. Plaintiff filed 2nd other grievances w/ counselor GRAVES - but he later informed me that they were both destroyed - plaintiff has enclosed a summary of said grievances. Plaintiff was forced to endure all this because prison officials refused to enforce + abide by their own rules + regulations.

And covered with a white powdery substance. Plaintiff suffered skin rashes from the bacteria and mold and dirt. Plaintiff also developed a problem with his sight & vision which was compounded by the infected overflowing toilet in the cell above cell 137 which leaked from the ceiling into plaintiffs eyes. Plaintiff also suffered from kidney & prostrate problems from being forced to hold urine (sometimes as long as 11 hours). Plaintiff also experienced incontinence & was unable to control when he defecated - this problem persisted for about 3 months before it subsided. (Jan - March 19th 2016)

When plaintiff received his property, 1/27/16 he was missing numerous personal property, items and his inventory report was not signed nor dated by the internal affairs officers who inventoried my property. All in violation of plaintiffs due process & equal protection under the law 14 amendment.

Plaintiff also had his own signature forged on personal property reports.

officers assigned to F. house

1ST shift   Lt Brown   sgt Peterson   C/o mohamed   c/o Dampier   John Doe x 4

2ND shift   Lt Sullivan   SGT Houston   C/O JOHN DOE X 6

3RD shift   Jon Doe x 8

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: _Fair, Darrell_                                        Date: _2/9/17_

Register # _B32994_

Facility: _Stateville_

This is in response to your grievance received on _7/29/16_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding:** Grievance dated: _1/7/16_    Grievance Number: _1284_    Griev Loc: _Stateville_

- O Transfer denied by the Facility or Transfer Coordinator
- O Dietary _____
- O Personal Property _____
- O Mailroom/Publications _____
- Ø Assignment (job, cell) _toilet not working in cell F-137_

- O Commissary _____
- O Trust Fund _____
- O Conditions (cell conditions, cleaning supplies)
- O Disciplinary Report dated _____ Incident # _____
- O Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

- O Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.
- O Denied, in accordance with DR504F, this is an administrative decision.
- O Denied, this office finds the issue was appropriately addressed by the facility Administration.
- O Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- O Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

- O Denied as the facility is following the procedures outlined in DR525.
- O Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- O Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- O Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: _Moot issue as toilet has been fixed and Offender was moved to another cell on 1/22/16._

FOR THE BOARD: _Debbie Knauer_                    CONCURRED: _John R. Baldwin_
Debbie Knauer                                                         John R. Baldwin
Administrative Review Board                                     Acting Director

CC: Warden, _Stateville_ Correctional Center
_Fair_ , Register No. _B32994_

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: _Fair, Darrell_        Date: _3/22/16_

Register # _B32994_

Facility: _Stateville_

This is in response to your grievance received on _10/14/15_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.
3/11/15, 9/14/15

**Your issue regarding:** Grievance dated: _10/24/15_    Grievance Number: _3790 4312_    Griev Loc: _Stateville_

O  Transfer denied by the Facility or Transfer Coordinator

O  Dietary _____

O  Personal Property _____

O  Mailroom/Publications _____

O  Assignment (job, cell) _____

O  Commissary _____

O  Trust Fund _____

O  Conditions (cell conditions, cleaning supplies)

Ø  Disciplinary Report dated _7/24/15_
     Incident # _20150251513 -STA_

O  Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

O  Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

O  Denied, in accordance with DR504F, this is an administrative decision.

O  Denied, this office finds the issue was appropriately addressed by the facility Administration.

O  Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

O  Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

O  Denied as the facility is following the procedures outlined in DR525.

O  Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

O  Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

Ø  Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: _This office notes disciplinary report was corrected 11/24/15 to reflect correct date of 7/24/15 as date of observation._

FOR THE BOARD: _Debbie Knauer_    CONCURRED: _John Baldwin_

       Debbie Knauer                        John R. Baldwin
    Administrative Review Board                 Acting Director

CC:   Warden, _Stateville_ Correctional Center      3/30/16
      _Fair_ , Register No. _B32994_

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

Summary SEG Conditions

of Grievance Written Dec/2015

* original still pending at grievance offices

I was moved Dec 23rd on about from cell 204-E-house to cell 137-F house cell 137 had a broken toilet and busted window I was leaking from the ceiling.

Maintenance said that the problem can't be fixed because they had to order a part.

I was forced to stay in a cell with no toilet, and I had to kick + bang on the door to use the bathroom. And I was only let out when the staff felt like it and never on 11 PM til 7 AM shift.

This problem wasn't fixed until Jan 19th 2016, I was released from seg 1/22/16 and moved to cell 356 where that toilet was broken & that ceiling also leaked. That toilet was fixed about 1/26/16

**Bruce Rauner**

# Illinois
## Department of
## **Corrections**

**John R. Baldwin**
Acting Director

**Stateville Correctional Center**
**Route 53, P.O. Box 112**
**Joliet, IL 60434**

Telephone: (815) 727 -3607
TDD: (800) 526-0844

September 3, 2015

**Inmate: Darrell Fair- B32994- F204**

**RE: Inmate Issues- Investigative Status**

Dear Mr. Fair:

This is in response to your recent communication to me regarding an issue or concern that you expressed. Your concerns are being reviewed and referred if necessary to the appropriate individual for resolution.

If there is a need for additional information or a formal response you will be notified in writing. I appreciate that you took the time to communicate your concerns and observations to me.

I trust this is responsive to your request.

Sincerely

Nicholas Lamb
Assistant Warden of Operations

NL/jal



conducted within 14 days after initial placement of an adult offender in investigative status or within 3 days after initial placement of a juvenile offender in investigative status, whenever possible.

1)    The Reviewing Officer shall recommend whether to continue placement of the offender in investigative status. Among other matters, factors listed in Section 504.40(a) may be considered. The Chief Administrative Officer shall make the final determination.

2)    The offender shall be informed of the decision and the decision shall be documented in writing.



3)    The offender may be detained in investigative status for up to 30 days for adults and up to 5 days for juveniles.

4)    If the investigation does not indicate that the offender may be guilty of any disciplinary offense, placement in investigative status shall be terminated and the report shall be expunged from the offender's records. A copy shall be maintained in an expungement file. This decision shall be made by the Chief Administrative Officer and shall be documented in writing.

5)    If, as a result of the investigation, it is necessary to amend or modify the original charges, the offender shall be issued a revised disciplinary report.

6)    Upon completion of the investigation, the offender shall appear before the Adjustment Committee for a hearing on the disciplinary report unless the report has been expunged.



7)    In the event that an investigation cannot be completed within 30 days for adults or 5 days for juveniles due to an institutional emergency, the Chief Administrative Officer may personally authorize, in writing, an extension of up to 30 days placement in confinement for adults and up to 5 days placement in confinement for juveniles pending investigation. As used in this Section, an institutional emergency includes riots, strikes, lockdowns, and natural disasters.

8)    The Director may personally authorize, in writing, additional extensions of up to 30 days each for adults if an institutional emergency prevents completion of the investigation within 60 days. The offender shall be informed of the decision in writing.

d)    The Reviewing Officer shall review each disciplinary report and determine whether:

than 6 days, after the commission of an offense or the discovery thereof unless the offender is unavailable or unable to participate in the proceeding.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003))

Section 504.40  Temporary Confinement

a)  The shift supervisor shall determine whether or not it is necessary to place the offender in investigative status or in temporary confinement status pending a disciplinary hearing or a determination whether or not to issue a disciplinary or investigative report in accordance with Section 504.30.  The Chief Administrative Officer shall also have the authority to release the offender from temporary confinement.  The decision to place an offender in temporary confinement may be based, among other matters, on:

1)  The aggressiveness of the offender;

2)  The threat posed to the safety and security of the facility or any person;

3)  The need to restrict the offender's access to general population to protect the individual from injury or to conduct the investigation; or

4)  The seriousness of the offense.

b)  A juvenile offender shall not be placed in temporary confinement status pending a disciplinary hearing for more than 4 days unless the individual is in investigative status.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.50  Review of Disciplinary Reports

a)  The Chief Administrative Officer of each facility shall designate one or more Reviewing Officers.

b)  The Reviewing Officer shall review the decision to place an offender in temporary confinement within 3 days after such placement, whenever possible, and may order release from or placement in temporary confinement.  Among other matters, the factors listed in Section 504.40(a) may be considered.  If a disciplinary or investigative report has not been written within 3 days after placement in temporary confinement, the Reviewing Officer shall inform the Chief Administrative Officer.

c)  An offender who receives an investigative report shall be interviewed by the Reviewing Officer in order to permit the offender an opportunity to present his or her views regarding placement in investigative status.  The interview shall be

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Disciplinary Report

Stateville CC
Facility

Date: 7/24/2015

**Type of Report:**
☐ Disciplinary   ☒ Investigative

Offender Name:   FAIR, DARRELL

ID #:   B32994

---

**Offense Information:**

Observation Date:   7/24/2015   Approximate Time:   3:00   ☐ a.m. ☒ p.m.   Location:   INVESTIGATIONS

**Offense(s): DR 504:**   610 – INVESTIGATION STATUS

**Observation:** On the above date and approximate time, inmate FAIR, DARRELL B32994 is being placed under investigation status.

End of report.

---

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| | | | | | ☐ a.m. ☒ p.m. |
|---|---|---|---|---|---|
| W SHEVLIN | 10712 | | 7/24/2015 | 5:00 | |
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

---

### Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement   ☐ Investigative Status   Reasons: _____

Printed Name and Badge # _____   Shift Supervisor's Signature _____   Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment: _____

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

Print Reviewing Officer's Name and Badge # _____   Reviewing Officer's Signature _____   Date 7 6 15

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge # _____   Hearing Investigator's Signature _____   Date

---

### Procedures Applicable to all Hearings on Investigative and Disciplinary Reports

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

Offender's Signature _____   ID# _____

Serving Employee (Print Name) _____   Badge # _____   Signature _____

Date Served _____   Time Served _____   ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature _____   ID# _____

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

**Type of Report:**
☒ Disciplinary    ☐ Investigative

Stateville CC
Facility

Date: 08/24/15

Offender Name:   FAIR, DARRELL                                    ID #:    B32994

**Offense Information:**

Observation Date: ~~07/29/15~~ 07/29/15    Approximate Time:   9:04   ☒ a.m. ☐ p.m.   Location:   Stateville C.C.

**Offense(s): DR 504:**    203. Drugs and drug paraphernalia

**Observation:** This Disciplinary Report is being issued during an investigation during which FAIR, DARRELL B32994 was placed in Investigative Status on 07/24/15. On 07/24/15 Stateville C.C. Intelligence Officer W. Shevlin conducted a drug urinalysis of FAIR using a "BMC Tox Cup" with a positive reading for OPI. The urine sample was subsequently sent to Quest Diagnostics Laboratory for further testing. On the above observation date and approximate time reporting Intelligence Officer W. Shevlin (RI) received test results from Quest Diagnostics Laboratory indicating the urine sample submitted by FAIR tested positive for Morphine. Based on the test results from Quest Diagnostics Laboratory, FAIR is in violation of 203 (Drug and drug paraphernalia). FAIR was identified by Institutional Graphics. End of report.

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| W. Shevlin | 10712 | W WW | 8/24/2015 | 6:30 | ☐ a.m. ☒ p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement    ☐ Investigative Status    Reasons:

_____    _____    P-25-15

Printed Name and Badge #    Shift Supervisor's Signature    Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer    Comment:

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

_____    _____    8/__

Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

_____    _____    8/5/15

Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

_____    Offender's Signature    _____    ID#

Serving Employee (Print Name)    Badge #    Signature

8/25/15    ☐ a.m. ☐ p.m.

Date Served    Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____    _____

Offender's Signature    ID#

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** FAIR, DARRELL | **IDOC Number:** B32994 | **Race:** BLK |
| **Hearing Date/Time:** 9/1/2015  09:35 AM | **Living Unit:** STA-F-02-04 | **Orientation Status:** N/A |
| **Incident Number:** 201502515/2 - STA | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 7/29/2015 | 201502515/1-STA | SHEVLIN, WILLIAM M | INTERNAL AFFAIRS | 09:04 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 203 | Drugs & Drug Paraphernalia<br>*Comments:TESTED POSITIVE FOR OPI* | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

### RECORD OF PROCEEDINGS
Inmate Fair B32994 present and DR read. Inmate Fair B32994 pleads not guilty and provided a written stated. Inmate Fair B32994 stated in his statement he was placed in investigation status on July 24th 2015 at 3:00pm and he ticket wasn't written until August 24 2015 6:30pm which was 32 days and 3 1/2 hours over the allowed time.

### BASIS FOR DECISION
On 7/24/15 R/I conducted a drug urinalysis on inmate Fair B32994 witch tested positive for OPI.
Information submitted by Quest Diagnostics indicates inmate Fair B32994 test was positive for Morphine.
Inmate Fair B32994 identified by Institutional Graphics.
The committee is satisfied that inmate Fair B32994 did in fact violate the charge cited.

DR WAS REWRITTEN TO REFLECT THE PROPER DATE OF 7/24/15.

### DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| Restitution of $ 2.45 Paid to STATEVILLE CC | Restitution of $ 2.45 Paid to STATEVILLE CC |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| **Basis for Discipline:**NATURE OF OFFENSE | |

### Signatures
**Hearing Committee**

| | | | |
|---|---|---|---|
| BEST, CHARLES F  - Chair Person | Signature | 09/01/15 Date | BLK Race |
| HARRIS, CYNTHIA | Signature | 09/01/15 Date | BLK Race |

Recommended Action Approved

### Final Comments: N/A

ILLINOIS DEPARTMENT OF CORRECTIONS
## Offender Disciplinary Report

Stateville CC
Facility

Date: 11/24/15

| Type of Report: | | |
|---|---|---|
| ☒ Disciplinary | ☐ Investigative | |

| Offender Name: | FAIR, DARRELL | ID #: | B32994 |
|---|---|---|---|

**Offense Information:**

| Observation Date: | 07/24/15 | Approximate Time: | 3:00 | ☐ a.m. ☒ p.m. | Location: | Stateville C.C. |
|---|---|---|---|---|---|---|

**Offense(s):  DR 504:**  203. Drugs and drug paraphernalia

**Observation:** This Disciplinary Report is being issued during an investigation during which FAIR, DARRELL B32994 was placed in Investigative Status on 07/24/15. On 07/24/15 at Stateville C.C. The Intelligence Unit conducted a drug urinalysis of FAIR using a "BMC Tox Cup" with a positive reading for OPI. The urine sample was subsequently sent to Quest Diagnostics Laboratory for further testing. Upon the conclusion of Quest Diagnostics Laboratory testing, test results were sent back to the facility (at a later date) indicating the urine sample submitted by FAIR tested positive for Morphine. Based on the test results from Quest Diagnostics Laboratory, FAIR is in violation of 203 (Drug and drug paraphernalia). FAIR was identified by Institutional Graphics. End of report.

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses

| W. Shevlin | 10712 | w.lll | 11/24/2015 | 10:45 | ☐ a.m. ☒ p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

### Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement  ☐ Investigative Status  Reasons:

| Printed Name and Badge # | Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer) | Date |
|---|---|---|

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer  Comment:

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

| Major D. Hate 542 | | 11/25/15 |
|---|---|---|
| Print Reviewing Officer's Name and Badge # | Reviewing Officer's Signature | Date |

☒ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

| F. Milsap  5258 | | 11/25/15 |
|---|---|---|
| Print Hearing Investigator's Name and Badge # | Hearing Investigator's Signature | Date |

#### Procedures Applicable to all Hearings on Investigative and Disciplinary Reports

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

#### Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports

You may ask witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

| | Offender's Signature | | |
|---|---|---|---|
| F. Milsap | | 5258 | F. Milsap |
| Serving Employee (Print Name) | Badge # | Signature | |
| | 11/25/15 | 9:52 ☐ a.m. ☒ p.m. | |
| | Date Served | Time Served | |

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

| Offender's Signature | ID# |
|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

#### (Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)

| Date of Disciplinary Report | Print offender's name | ID# |
|---|---|---|

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

Page 1 of 1

*CORRECTED Copy* *Reserved*

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**Offender Disciplinary Report**

Date: 8/24/2015

**Type of Report:**

☒ Disciplinary ☐ Investigative

Stateville CC
Facility

Offender Name: FAIR, DARRELL ID #: B32994

**Offense Information:**

Observation Date: 7/24/2015 Approximate Time: 9:04 ☐ a.m. ☒ p.m. Location: Stateville C.C.

*wrong* (handwritten circled)

Offense(s): DR 504: 203 Drugs and Drug Paraphernalia

**Observation:** This Disciplinary Report is being issued during an investigation during which FAIR, DARRELL B32994 was placed in Investigative Status on 07/24/15. On 07/24/15 Stateville C.C. The Intelligence Unit conducted a drug urinalysis of FAIR using a "BMC Tox Cup" with a positive reading for OPI. The urine sample was subsequently sent to Quest Diagnostics Laboratory for further testing. On the above observation date and approximate time reporting Intelligence Officer W. Shevlin (RI) received test results from Quest Diagnostics Laboratory indicating the urine sample submitted by FAIR tested positive for Morphine. Based on the test results from Quest Diagnostics Laboratory, FAIR is in violation of 203 (Drug and drug paraphernalia). FAIR was identified by Institutional Graphics. End of report.

*wrong* (handwritten circled)

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| W. Shevlin | 10712 | _(signature)_ | 10/4/15 | 3:30 ☐ a.m. ☒ p.m. |
|------------|-------|----------------|---------|----------------------|
| **Reporting Employee (Print Name)** | **Badge #** | **Signature** | **Date** | **Time** |

---

### Disciplinary Action:

**Shift Review:** ☒ Temporary Confinement ☐ Investigative Status Reasons: _____

_(handwritten name)_ LANG

| **Printed Name and Badge #** | **Shift Supervisor's Signature** (For Transition Centers, Chief Administrative Officer) | 10/5/15 **Date** |

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer Comment: _____

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

| Major P. Hart 542 | _(signature)_ | 10/5/15 |
| **Print Reviewing Officer's Name and Badge #** | **Reviewing Officer's Signature** | **Date** |

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

| _(handwritten name)_ 542 | _(signature)_ | 10/ /15 |
| **Print Hearing Investigator's Name and Badge #** | **Hearing Investigator's Signature** | **Date** |

#### Procedures Applicable to all Hearings on Investigative and Disciplinary Reports

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

#### Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

| | Offender's Signature _(signature)_ | ID# |

| **Serving Employee (Print Name)** _(handwritten)_ | _(signature)_ | _(signature)_ | Signature |
| | **Date Served** 10/5/15 | **Time Served** 9:00 | ☐ a.m. ☐ p.m. |

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_(handwritten: Refer Employee)_

| _____ | _____ |
| Offender's Signature | ID# |

--------------------------------------------------

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

| _____ | _____ | _____ |
| Date of Disciplinary Report | Print offender's name | ID# |

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 1/27/16 | Offender: (Please Print) D. FAiR | ID#: B32994 |
|---|---|---|

| Present Facility: | Facility where grievance issue occurred: |
|---|---|

### NATURE OF GRIEVANCE:

- [x] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): 1/27/16 I was issued my property, my PP property receipt had my signature FORBED, and the wrong cell number, I did receive all the items listed except I get a pair of NIKE track shoes and not AF1-NIKE as stated. The 3rd property slips that I got along w/PP record, were not signed nor dated. ON those slips, I'm missing 10th items, 1st pair Air Force ONE gym shoe - 1st gray 2x T-shirt - 2nd pair sweat pants - 1st sweat shirt - 3rd laundry bags - 1st Work out Book - 1 coil headphone ext. I'm also missing 2nd items that were

Relief Requested: To have property returned or replaced or paid FOR.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Darrell Fair | B32994 | 1,27,16 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____
_____
_____
_____
_____

not listed on inventory records, 1st panasonic
Black radio, 1st pair Black Bass T-65 headphones,
I've never signed the initial paperwork, and
today, I was told to go through my property
once I got lost to housing unit. As soon
as I noticed these missing items, I notified
Lt Jenkins who was assigned to F-house
and I sent him a list of missing items.

In any, I was in cell 204 for 5th
month, and cell 137 for a month, never
was I in cell 119.



ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: Jan. 7/16 | Offender: (Please Print) D. FAIR | | ID#: B-32994 |
|---|---|---|---|
| Present Facility: STATEVILLE | | Facility where grievance issue occurred: SAME | |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ ADA Disability Accommodation
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☑ Other (specify) _____

☐ Disciplinary Report: ___/___/___  Date of Report _____  Facility where issued _____ MAR 1 7 2016

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): 12/23/15 - I was moved from cell F-204 to cell F-137, cell 137 had a leak in the ceiling and the toilet don't work, the plumbing was called but the didn't have the necessary part (equipment) to repair it, so I'm being forced to hold my urine & other body waste until the F-house stay decides to let me out to use the rest room while I ask to be moved to a different cell. At times I am forced to bang on the door to call attention to the fact that I need to use the bathroom, more often than not my banging goes unanswered. When I'm allowed—

Relief Requested: To be compensated for every day spend in a cell w/no working toilet. And to have toilet fixed.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Donald Fair | B-32994 | 1, 7, 16 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: 3 / 1 / 16 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |
|---|---|---|

Response: Per unit & security staff, the toilet in F137 and F204 are working, unable to award any monetary amount at this level

| C. HARRIS | C.H. | 3, 12, 16 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| _____ | ___/___/___ |
|---|---|
| Chief Administrative Officer's Signature | Date |

to use the restroom, I'm taken to cell E-156 which is also the psych room PSYCH room, the toilet does work, but theres no running water in the sink, so I can't wash my hands. / Nor can my cell-mate wash his hands, and were both taken to the restroom together, so when the officer hand cuffs us both, theres a risk of us catching hepatitis & other transmissive diseases & infections, because the C/o handles us both, Most diseases are passed through bodily fluid.

On Jan 1st, I was sprayed in the eye from the leak in the cell's ceiling, I wanted out my eye w/ water, but its been irritated, I think its infected, will speak w/ the med tech tomorrow.

The plumber came to stop all this leaking and the problem was never fixed, they know that this toilet didn't work, why were we moved to a cell that didn't have a working toilet from a cell that worked perfectly.

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

on feb

| Date: Jan /2016 | Offender: (Please Print) DARRELL FAIR | | ID#: B-32994 |
|---|---|---|---|

| Present Facility: STATEVILLE | Facility where grievance issue occurred: SAME |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ ADA Disability Accommodation
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☒ Other (specify): Living Conditions

☐ Disciplinary Report: ___/___/___  Facility where issued
Date of Report

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): This is a copy of a destroyed grievance that I filed in Jan of 2016, it was submitted to counselor GRAVES, who was the 3 gallery F-house counselor. / I was moved to cell 356 and the toilet doesnt work, I have to kick + beat on the door and am never allowed to use the bathroom during the 11-7 shift theres also a leak in the ceiling, and F-house is roach infested + theres birds + bird droppings throughout the building. Theres also a mold infestation thats causing me breathing problems. The windows in this cell is also broken. Birds fly, around F-house freely, and bird droppings have built

Relief Requested: To be moved out of F-house + have toilet fixed + F-house cleaned up + compensated for my period housing in F-house.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Darrell Fair  B32994  1/24/16
Offender's Signature  ID#  Date
on feb.
(Continue on reverse side if necessary)

| Counselor's Response (if applicable) |
|---|

Date Received: ___/___/___  ☐ Send directly to Grievance Officer  ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

up, covering the entire roof of the gun tower, located directly in the center of F-house. There there literally 1,000 upon thousands of roaches throughout F-house, they invade your legal + personal property box, they crawl in your bed, in your shoes, food, papers ex. The living conditions here are deplorable. There mold along the walls especially in the showers where the mold is black and there cracks in the foundation where I can see the outside from the inside.

* I was just moved out of cell 136, and that toilet didn't work, I was forced to kick + beat on the door for over 26 days just to use the bathroom, I had to do this numerous times a day, because I have a swollen prostate when I take (FlOMAX) medication to treat, and during the 11 pm til 7 AM strip, I'm forced to hold my body waste, or either release myself in plastic bag or bottle. Fruit flies + other insects gathered around the toilet that was filled w/ waste in cell 356 + cell 137 - which I covered w/ a plastic bag, but the fumes exasterbated my breathing.

Notice:
 * This is a duplicate of one of the grievances that I gave to counselor DRAVES - he was 1 + 3 gallery counselor - he told me that he left the grievances to the counselor that replaced him. Out of 3 grievances that I gave to him, I only received 1 # - that was answered by counselor Miller. The other original grievances were <u>DESTROYED</u>

 * Thus Preventing me access to the courts