**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DARRELL FAIR B-32994 | |
| Plaintiff, | |
| v. | Case No. 17 C 5776 |
| WARDEN PFISTER, et al. | Judge Gary Feinerman |
| Defendants. | Magistrate Judge Michael T. Mason |

## <u>DEFENDANTS' ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S' COMPLAINT</u>

Defendants RANDY PFISTER and NICHOLAS LAMB, by and through their attorney LISA MADIGAN, Illinois Attorney General, answer Plaintiff's Complaint as follows:

1.[**ENTIRE FIRST LINE ILLEGIBLE DUE TO WRITING BEING UNDER HEADER**].14th Amendment of the U.S. Constitution that guarantees Plaintiff's right to Due process and equal protection of the law.

**<u>ANSWER:</u> Defendants are unable to answer due to the first line of paragraph 1 being illegible.**

2. Plaintiff was also denied his 8th amendment right under the U.S. constitution that protects plaintiff against cruel and unusual punishment by government and state officials.

**<u>ANSWER:</u> Defendants deny the allegations contained in Paragraph 2.**

3. On July 24th plaintiff was in his cell D-736 at about 1:00 pm when internal affairs officer Shevlin #10712 come to cell with a open cup and asked plaintiff to submit a urine sample. Plaintiff has enlarged prostate so at times urination is difficult. Plaintiff wasn't able give a sample at that time and was asked to get dressed and go down stairs. Plaintiff placed the still open sample cup on top of the sink/toilet, proceeded to get dressed and was escorted to 1st floor by C/O Shevlin and asked to wait by the SGT's office. One open urine cup was still atop the sink upstairs inside cell D-736.

**ANSWER: Defendants admit that Plaintiff was in Cell D-736 on July 24, 2015.**

**Defendants lack knowledge or information sufficient to form a belief as to the truth of the**

**remaining allegations of paragraph 3.**

4.      About 3:15 pm after shift changed, c/o Shevlin came down stairs from upstairs inside plaintiff cell, with the still open urine cup and handed the cup to plaintiff, several cell-house help workers were also bringing down some of the property from cell 736, apparently they (cell-house workers) were told to pack certain items from Plaintiffs cell-legal and property taxed and black radio and to bring them down stairs.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as**

**to the truth of the allegations of paragraph 4.**

5.      C/O Shevlin escorted plaintiff to internal affairs office where plaintiff eventually gave a sample. Plaintiff was told that his sample tested positive and that if plaintiff gave C/O Shevlin some information that C/O Shevlin could make the whole thing go away. Plaintiff responded that he didn't do drugs and requested that sample be sent to the lab for testing. Plaintiff was told that he'd be placed under investigation. My investigation started 7/24/15 at 3:00 pm.

**ANSWER: Defendants admit that Plaintiff's urine sample tested positive and that**

**Plaintiff was on Investigative Status on July 24, 2015. Defendants lack knowledge or**

**information sufficient to form a belief as to the truth of the remaining allegations of**

**paragraph 5.**

[**ILLEGIBLE SENTENCE DUE TO WRITING BEING UNDER HEADER**]

6. One Offender may be detained in investigation status for up to 30 days for adult and up to 5 days for juvenile.

**ANSWER: Defendants deny the allegations contained in Paragraph 6.**

7. In the event that an investigation cannot be completed within 30 days for adults or 5 days for juveniles due to institutional emergency, the chief admin officer may personally authorize in writing, an extension of up to 30 days investigation. As used in this section, an institutional emergency includes riots, strikes, lock downs and natural disasters.

**ANSWER: Defendants admit that Plaintiff paraphrases Section 504.50 (c)(7) of the**

**Illinois Administrative Code.**

2

8.    Plaintiff was kept under investigation for 32 days and 3 ½ hours before a disciplinary report was written. This was 2 days and 3 ½ hours over the allowed limit for adults.

**ANSWER: Defendant admits that Plaintiff was on Investigative Status from July 24, 2015 to August 24, 2015. Defendant denies the remaining allegations contained in Paragraph 8.**

9.    Section 504.30 of the Ill Admin Code states: In no event shall a disciplinary report or investigation report be served upon offender (adult) more that 8 days or 6 days for a juvenile offender, after the commission of an offense or discovery thereof unless offender is unavailable.

**ANSWER: Defendant admits that Paragraph 9 paraphrases Section 504.30(f) of the Illinois Administrative Code.**

10.   After 30 days of confinement, Plaintiff notified A/W Lamb who was acting Chief Admin officer and I was told that my concerns would be forwarded to the appropriate staff.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10.**

11.   Plaintiff also explained this investigation rule violation to Lt. Best at the adjustment hearing, Lt. Best said that he would look into it. Ms. Harris was also present a the adjustment hearing, and she and plaintiff had spoken 3 days prior to hearing and she informed plaintiff had spoken 3 days prior to hearing, and she informed plaintiff that after 30 days of investigation that a written request was necessary for additional time. Plaintiff was still found guilty of 203 violations Lt. Best and the hearing process, refused to follow the rules and regulations set forth by the Ill. Dept of Corrections violation Plaintiff 8th and 14 amendment.

**ANSWER: Defendants admit that Plaintiff was cited for a 203 violation. Defendants deny any violation of Plaintiff's rights. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.**

12.   Rights to due process and equal protection under the Law. Plaintiff then notified the Grievance officer Anna Mcbee about the 30 day rule violation and also about the wrong (observation date) on my disciplinary report. When Plaintiff informed Lt. Best about the wrong observation date, he told plaintiff that "the error won't affect my guilt or innocence". But the DOC rules state that the observation time and date must stay the same. Anna McBee denied my grievance #4312 saying it was frivolous and without merit. I appealed her decision to the PRB (Prisoner Review Board) in Springfield, again Plaintiff was denied his rights under the

3

constitution of due process & equal protection under the law 8th and 14th amendment and deliberate indifference when the institutional admin failed to correct or respond or investigate. Plaintiff had his disciplinary report re-written 3 times! 8/24/15-10/4/15-11/24/15 Plaintiff raised the issue through grievance procedure on each of those 3 occasions about the 30th day investigation limit rule violation my issue was disregarded.

**ANSWER: Defendants deny any constitutional rights of Plaintiff were violated.**

**Defendants admit Anna McBee reviewed grievance 4312, dated October 24, 2015, on**

**January 13, 2016, and recommended that it be denied. Defendants lack knowledge or**

**information sufficient to form a belief as to the truth of the remaining allegations of**

**paragraph 12.**

13.     Plaintiff [**ILLEGIBLE DUE TO WRITING UNDER HEADER***] the issue addressed. But when the response from P.R.B. finally arrived, Springfield bldg. Debbie Knauer and acting Director Jerry Baldwin-concurred. [**ILLEGIBLE**] answered grievance dated 10/14/15 #3790 their response said that ticket was corrected 11/24/15-which was the date of observation . It only addressed DR 504.80 and DR 504.30 there was no mention of DR 504.50, it clear to see that the dates and grievance numbers were added to the official response from A.R.B. as a after thought and that the merit of those grievances were never considered in direct violation of Plaintiff 14th and 8th amendment reports to due process and equal protection under the law. And also a case of deliberate indifference of Plaintiff rights when they ARB failed to acknowledge, respond and investigate, plaintiff allegation on several attempts.

**ANSWER: Defendants admit Plaintiff filed Grievance 3790, dated August 11, 2015.**

**Defendants admit that Grievance 3790 was reviewed on September 28, 2015. Defendants**

**further admit that the recommendation following review was to remand the disciplinary**

**report to the Adjustment Committee to have the date of the report corrected to reflect July**

**24, 2015. Defendants deny any of Plaintiff's constitutional rights were violated. Defendants**

**lack knowledge or information sufficient to form a belief as to the truth of the remaining**

**allegations of paragraph 13.**

14.     Plaintiff second issue is a violation of his 8th Amendment rights that protects Plaintiff from cruel and unusual punishment from government and state officials.

**ANSWER: Defendants deny any of Plaintiff's constitutional rights were violated. Defendants admit Plaintiff alleges an 8th Amendment violation.**

15.     Because of Plaintiffs due process right violation plaintiff was written a DR 203 and placed in F-house seg for a period of 6 months and 2 months in F-house general population.

**ANSWER: Defendants admit that Plaintiff was issued a DR 203 on July 29, 2015 and that the disciplinary action for the DR 203 was six months in segregation. Further, Defendants admit that Plaintiff was in cell F-204 from July 24, 2015 to December 23, 2015, cell F-137 from December 23, 2015 to January 22, 2016, and cell F-356 from January 22, 2016 to March 3, 2016. Defendants deny any of Plaintiff's constitutional rights were violated.**

16.     Plaintiff was not able to participate in a P& Nap school course that he signed up for due to his seg status, something that could of been accessible if he were in general population.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16.**

17.     Plaintiff was not allowed to attend monthly religious services due to his seg confinement, which he could of partaked (sic) if in general population.

**ANSWER: Defendants admit that Section 425.60 (c) of the Illinois Administrative Code states "[n]othing in this Part shall require the provision of group religious activities to committed persons in . . . segregation areas." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17.**

18.     Plaintiff [**ILLEGIBLE**] e-file machine, typewriters, copy machine, inmate might get copies on Fridays if inmate is in charge of copies feel like doing it.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18.**

19.     Plaintiff wont able to type clemency and federal appeal due to no typewriters, all above mentioned services are accessible to the general population but denied to plaintiff due to seg confinement.

**ANSWER: Defendant admit that typewriters are not authorized personal property in segregation. Defendants clarify that a segregation flex ink pen and notebook paper are authorized personal property for inmates in segregation. Defendants deny the remaining allegations contained in paragraph 19.**

20.     Plaintiff was placed in cell 204 in F-House, when there was cracks in the window that allowed cold air to enter cell there was a huge rusted hole in the heater beneath the and the whole F-house was ingested w/birds, mice, roaches, fruit flies etc. Plaintiff developed impaired breathing where he filed 2 separate grievances and plaintiff else developed a bacterial infection that covered his arms from wrist to shoulders, his front chest and neck. He was treated twice for this condition, and on two occasions he was seen by medical staff and not treated for this skin rash. Plaintiff also developed a rash that covered his head while in F-house.

**ANSWER: Defendants admit that Plaintiff was placed in F-House cell F-204 from July 24, 2015 to December 23, 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20.**

21.     In December 23 or about Plaintiff was moved from F-204 to F-137 where Plaintiff didn't have access to working toilet and there was a leak in the ceiling and the window wouldn't close. In order to use the bathroom. Plaintiff had to kick and beat on the cell door, and the officers let me out when they felt like it, and never during the 11 pm-7am shift. And I was never let out during the 7am-3pm shift until the Lt. arrived in the morning, and they sometimes arrived as late as 9:30 am, so on numerous times I was forced to defecate on myself and urinate and say because the toilet was broken and filled with bodily waste. So Plaintiff was forced to stay in cell 137-when plaintiff asked to get moved his request went unanswered, the plumbers were called and they said that they couldn't fix the toilet, because they had to order a part. Plaintiff again requested to be moved to a different cell, but was denied-plaintiff requested to be moved no less than 20 different times. The toilet was fixed about Jan 19, 2016, almost a month (26 days) later. But the roof continued to leak the mice and roaches and birds and mold and dust and dirt continued to inundate the F-house building, which was finally condemned and closed down because of sanitary conditions proved to be inhabitable.

**ANSWER: Defendants admit that Plaintiff was placed in cell F-137 from December 23, 2015 to January 22, 2016. Defendants further admit that F-House was closed.**

**Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21.**

22.     Plaintiff alleges acts or omissions sufferable and harmful. The overall combined issues state a typical and significant hardship in relation to F-house segregation and placement.

**ANSWER: Defendants deny any of Plaintiff's constitutional rights were violated. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22.**

23.     Institutional admin and staff failed to correct the F-house infestation of pest, including but not limited to birds, mice, roaches, ants, spiders, fruit flies. Defendants failed to correct broken windows, broken toilet, sinks cracks in ceiling, roofs and walls, including cell 204, 137, and 356 where plaintiff was sent after seg 1/22/16 and which the toilet in that cell 356 was also broken and the ceiling also leaked. Plaintiff filed 2 other grievances with counselor Graves-but he later informed me that they were both destroyed. Plaintiff has enclosed a summary of said grievances. Plaintiff was forced to endure all this because prison officials refused to enforce and abide by their own rules and regulations and correct what's was wrong.

**ANSWER: Defendants admit Plaintiff was in cell F-356 from January 22, 2016 to March 3, 2016. Defendants further admit that Plaintiff was housed in cells F-204 and 137. Defendants deny any of Plaintiff's constitutional rights were violated. Defendants further deny failing to address the conditions complained of and that IDOC rules or regulations were not enforced. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23.**

24.     Plaintiff suffered skin rashes from the bacteria and mold and dirt. Plaintiff also developed a problem with his sight and vision which was compounded by the infected overflowing toilet in the cell above cell 137 which leaked from the ceiling into plaintiff's eyes. Plaintiff also suffered from kidney and prostate problems from being forced to hold urine (sometimes as long as 11 hours). Plaintiff also experienced incontinence and was unable to control when he defecated-this problem persisted for about 3 months before it subsided. (Jan-March 19 2016).

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24.**

25.     When plaintiff received his property 1/27/16 he was missing numerous personal property items and his inventory report was not signed nor dated by the internal affairs officers who inventoried my property. All in violation of plaintiff's due process and equal protection under the law 14 amendment. Plaintiff also had his own signature forged on personnel property reports.

**ANSWER: Defendants deny any of Plaintiff's constitutional rights were violated.**

**Defendants lack knowledge or information sufficient to form a belief as to the truth of the**

**remaining allegations of paragraph 25.**

## JURY DEMAND

Defendants demand that the case be tried by a jury.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense
### Qualified Immunity

At all times relevant herein, Defendants acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

### Second Affirmative Defense
### Personal Involvement

Defendants' personal involvement has not been established with sufficient specificity to state a claim upon which relief can be granted.

### Third Affirmative Defense
### Exhaustion

Plaintiff has failed to exhaust his administrative remedies. Plaintiff filed this lawsuit concerning prison conditions while in the custody of the Illinois Department of Corrections

and failed to properly exhaust administrative remedies prior to filing his suit. Plaintiff's suit is therefore barred by 42 U.S.C. 1997e(a).

Respectfully submitted,

LISA MADIGAN
Attorney General of
Illinois

/s/Manuel Mandujano
MANUEL MANDUJANO
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau
100 W. Randolph, 13th Floor
Chicago, IL 60601
(312) 814-4809
Mmandujano@atg.state.il.us

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the aforementioned document was filed through the Court's CM/ECF system and a copy placed in the US Mail before 5:00pm on March 5, 2018 at 100 W. Randolph, Chicago, IL 60601 to the individual listed below. Parties of record may obtain a copy through the Court's CM/ECF system.

/s/Manuel J. Mandujano

Darrell Fair (B-32994)
Stateville Correctional Center
Rte 53, Box 112
Joliet, IL 60434